UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
-------------------------------X
AYANNA GILES
    Plaintiff,

                            Case No.


    v.

EMMETT L. GOODMAN, JR., LLC
    Defendant
-------------------------------X

<u>COMPLAINT- JURY TRIAL DEMAND</u>

**1**-Plaintiff Ayanna Giles ("Giles") is a "consumer" as defined by 15 USC 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA").

**2**- This Court has subject matter jurisdiction over this case because it arises from a federal statute that provides jurisdiction to this Court. See Section 1692k(d).

**3**- Venue is proper because the events giving rise to this FDCPA claim arose in this district.

**4**- Defendant Emmett L. Goodman, Jr., LLC ("Goodman") sought to collect a "debt" as defined by the FDCPA from Giles because it sought to collect charges Giles

incurred on her personal credit card for personal and not business use.

**5**- Goodman is a "debt collector" as defined by the FDCPA because it is a law firm which regularly collects debts.

**6**- Goodman's website http://goodmanlaw.org/ (viewed 9/21/22) states that it specializes in consumer collections.

**7**- Similarly, Goodman is a member of the National Creditors Bar Association and is listed as practicing in credit card consumer collections. https://www.creditorsbar.org/law-firm-directory/law-offices-of-emmett-l-goodman-jr-llc (viewed 9/21/22).

**8**- Giles defaulted on a person credit card account with Credit One Bank, N.A. with an account number ending in 6836 leaving a balance of $2,655.23.

**9**- Credit One Bank, N.A. deemed the account uncollectable and sold it and the account was ultimately acquired by LVNV Funding LLC, one of the largest junk debt buyers in the USA.

**10**- Plaintiff believes based on her knowledge of the debt buying industry that LVNV Funding LLC paid less than 5 cents on the dollar for this account, likely paying approximately $100.

**11**- LVNV's business model is to file collection lawsuits on these junk accounts on the cheap by using law firms who skimp on reviewing the bona fides of the account and seek to collect as much money as they can.

**12**- On or about October 22, 2021, Goodman mailed a collection letter offering Giles a settlement of the account for a 20% discount and threatened to sue Giles if she did not take the settlement.

**13**- On or about November 4, 2021, Goodman confirmed with a written letter that a telephone conversation with Giles had taken place in which an offer was made and accepted by Giles to settle Giles's account for $2,124.18 so long as payment was made on or before December 4, 2021.

**14**- On November 4, 2021, Giles obtained a Cashier's Check for $2,124.18 payable to LVNV Funding, LLC referencing Giles and the account number ending in 6836.

**15**- Giles overnighted the check to Goodman on November 4, 2021, via Priority Mail Express overnight delivery.

**16**- Goodman received the overnighted mail on November 5, 2021.

**17**- On November 8, 2021, Goodman mailed Giles a letter confirming that her account had been settled and thanked her for "bringing this matter to its conclusion".

**18**- Despite having brought "this matter to its conclusion", Giles was sued by LVNV Funding LLC which was represented by Goodman in a lawsuit filed in the Superior Court of Fulton County, Georgia case number 2022CV359489 (the "Fulton Lawsuit").

**19**- The Fulton Lawsuit was filed on January 23, 2022.

**20**- The Fulton Lawsuit, filed by Goodman, claims that:

"[Giles] is indebted to [LVNV Funding, LLC] in the amount of $2,655.23… but [Giles] has failed and refused to pay same and is in default".

21- This is false as the debt had been paid off with a check processed by Goodman's law firm more than two months prior to the lawsuit being filed.

22- The FDCPA at 15 USC Section 1692d prohibits Harassment or Abuse.

23- Goodman harassed and abused Giles by seeking to double collect on a debt.

24- The FDCPA at 15 USC Section 1692e prohibits false or misleading representations.

25- The lawsuit filed by Goodman contains the false and misleading representation that Giles's debt has been unpaid, and she needs to pay it a second time.

26- The FDCPA at 15 USC Section 1692f prohibits unfair or unconscionable means to collect a debt.

27- Goodman's conduct was unfair and unconscionable because it was seeking to collect the same debt twice.

**28**- In furtherance of Goodman's FDCPA violations, Goodman failed and refused to dismiss its claims after Giles Answered the Complaint stating that she had previously settled this account.

**29**- Instead, Goodman attempted to use the lawsuit against Giles as leverage by stating that it would only dismiss the lawsuit against Giles if she would not pursue any claims against LVNV Funding LLC.

**30**- Giles requests actual and statutory damages.

**31**- Giles requests attorney's fees and costs.

**32**- Giles requests trial by jury under Rule 38.


Dated: September 21, 2022

  /s/ Shimshon Wexler
  S Wexler LLC
  GA Bar No. 436163
  1118 Empire Rd NE
  Atlanta, GA 30329
  Tel (212)760-2400
  swexleresq@gmail.com